IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES EDWARD JEFFERSON,     PETITIONER

v.     No. 4:93CR21-GHD-DAS

UNITED STATES OF AMERICA     RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the motion of James Edward Jefferson to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion; Jefferson has filed a traverse, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

### Section 2255 Proceedings

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime "to move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus, see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the court

finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## Procedural Posture

Jefferson was indicted on several counts of drug and firearm crimes, including engaging in a continuing criminal enterprise and use of a firearm during and in relation to drug trafficking crimes See Presentence Report at p. 4. A jury convicted Jefferson on all counts. PSR, p. 6. After conviction Jefferson appealed and the Fifth Circuit affirmed his conviction. *United States v. Davis, et al*, 61 F.3d 291 (5th Cir. 1995), *cert. den. sub nom United States v. Jefferson*, 516 U.S. 1135 (1996). Jefferson sought sentence reductions under 18 U.S.C. § 3582(c), which the court denied. Docs. 87, 137. The court, however, later granted Jefferson's motion [147] to reduce sentence under 18 U.S.C. § 3582, Sentencing Guidelines §1B1.10, and Amendment 782.

## Jefferson's Claims

In the instant § 2255 motion [140], Jefferson seeks retroactive application of the United States Supreme Court's holding in *United States v. Rosemond*, 134 S.Ct. 1240 (2014). In *Rosemond*, the Supreme Court held that, to establish guilt in an aiding and abetting case under 18 U.S.C. § 924(c), which establishes enhanced penalties for certain crimes when a firearm is used, the government must prove that a defendant knew beforehand that the person he aided or abetted carried the firearm. *Id.* at 1249. For the reasons set forth below, the instant petition will be dismissed as untimely and denied on the merits.

## The Instant Petition is Untimely

Jefferson's Motion to Vacate under 28 U.S.C. § 2255 is not timely. Section 28 U.S.C.A. § 2255(f) provides for a one-year limitations period:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Jefferson's limitations period under 28 U.S.C. § 2255(f)(1) expired on February 20, 1997, a year after the Supreme Court denied his petition for Writ of Certiorari on February 20, 1996. Jefferson argues, however, that he may proceed under 2255(f)(3) because the *Rosemond* decision applied retroactively. As set forth below, *Rosemond* is not retroactive, and, even if it were, the evidence introduced at trial was sufficient to sustain his conviction for aiding and abetting under 18 U.S.C. § 924(c). As such, the instant Motion to Vacate, Set Aside, or Correct Sentence must be dismissed as untimely filed.

### *Rosemond* Does Not Apply Retroactively

A Supreme Court decision announcing a change in the substance of a criminal statute generally applies retroactively. *Welch v. United States*, 136 S.Ct. 1257 (2016). Mr. Jefferson argues that the Supreme Court's holding in *Rosemond* constitutes a substantive change in the law; however, the Fifth Circuit Court of Appeals has held to the contrary because "the Supreme Court gave no indication that its decision applied retroactively to cases on collateral review." *Watson v.*

*Mosley*, 644 F. App'x 348 (5th Cir. 2016) (per curiam) (not reported); *see also See Ball v. Boyle*, No. 15-20715, 2016 WL 4784020, at *1 (5th Cir. Sept. 13, 2016) (holding that petitioner had "not demonstrated [*Rosemond*] applies retroactively to cases on collateral review.") Indeed, "almost every court to address the question has determined that *Rosemond* is *not* retroactively applicable. *See generally Oscar v. Martin*, No. 3:15–CV–90–CWR–FKB, 2015 WL 5297267, at *3 & n. 2, 2015 U.S. Dist. LEXIS 120657, at *6–*7 & n. 2 (S.D.Miss. Sept.10, 2015) (collecting cases)." *Prieto v. Berlin*, No. 14-CV-00514-JL, 2015 WL 6690132, at *2 (D.N.H. Nov. 2, 2015). Thus, as *Rosemond* did not announce a substantive change in the law, the court must examine it in the context of a change in procedure.

As a general proposition, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane*, 489 U.S. 288, 310 (1989). Such rules are "retroactive[ ] only if the rule ... is a 'watershed rule[ ] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" *Panetti v. Stephens*, 727 F.3d 398, 413 (5th Cir. 2013)(emphasis in original)(quoting *Saffle v. Parks*, 494 U.S. 484, 495 (1990). "[A] new rule qualifies for 'watershed' status only if it (i) '[is] necessary to prevent an impermissibly large risk of an inaccurate conviction' and (ii) 'alter[s] our understanding of the bedrock procedural elements essential to the fairness of a proceeding.'" *Id.* (quoting *Whorton v. Bockting*, 549 U.S. 406, 418 (2007) (citations omitted)(internal quotation marks omitted)). "This class of rules is extremely narrow, and 'it is unlikely that any ... ha[s] yet to emerge.'" *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004)(alteration in original)(internal quotation marks omitted)(quoting *Tyler v. Cain*, 533 U.S. 656, 667, n. 7 (2001)(quoting *Sawyer v. Smith*, 497 U.S. 227, 243 (1990)). "A rule is

not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. at 663. A lower court may not usurp that authority:

> The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court.

*Id.* 0

Circuit court cases appearing at first blush to hold otherwise have not done so. The Sixth Circuit, in *Berry v. Capello*, 576 F. App'x 579, 592 (2014), *assumed without deciding* that *Rosemond* would apply retroactively in denying relief because "trial evidence supported the jury's determination that Berry possessed a state of mind extending to the entire crime, including the necessary intent to aid and abet felony murder and to aid and abet assault with intent to rob while armed." In *Goree v. Chapa*, 589 F. App'x 275 (5th Cir. 2015), the Fifth Circuit *assumed, without deciding,* that even if *Rosemond* were retroactively applied, Goree would not be helped because the law "in the circuit in which he was convicted[] was consistent with *Rosemond*. *Id.* Two other Fifth Circuit cases that mention *Rosemond* do not deal with retroactivity. *See United States v. Castro*, 558 F. App'x 382, 384 (5th Cir. 2014)((*Rosemond* "not applicable to this appeal"), *United States v. Saunders*, __ F. App'x ___, ___, 2015 WL 1194225, *2 (5th Cir., March 17, 2015)(any *Rosemond* error not plain error due to correct *Pinkerton* jury charge)), and *Ball v. Boyle*, 659 Fed.Appx. 790 (5th Cir. September 13, 2016) (not reported) (assuming retroactivity of *Rosemond* without deciding, and holding that petition fails on the merits).

### Even if *Rosemond* Applied, Ample Evidence Supported Jefferson's Conviction Under § 924(c)

The government introduced evidence at trial that Jefferson had prior knowledge that firearms would be used in committing the crime. As such, even under the Supreme Court's holding in

*Rosemond*, Jefferson's conviction under § 924(c) was proper. The Fifth Circuit's summary of the evidence makes this clear:

> Jefferson next challenges his four firearms convictions (Counts 4–7). Count 4 charged Jefferson with aiding and abetting the carrying and use of a firearm during and in relation to the March 19, 1993 drug deal at the Alamatt Motel, in violation of 18 U.S.C. § 924(c). To establish an offense under § 924(c), the government need not prove that the defendant used, handled or brandished the weapon in an affirmative manner, but rather need only prove that the firearm was available to provide protection to the defendant in connection with the drug trafficking offense. *See United States v. Rocha*, 916 F.2d 219, 237 (5th Cir.1990), *cert. denied*, 500 U.S. 934, 111 S. Ct. 2057, 114 L.Ed.2d 462 (1991). To sustain a conviction of an aiding and abetting offense, the government must show that the defendant associated with a criminal venture, participated in the venture and sought by action to make the venture succeed. *United States v. Stone*, 960 F.2d 426, 433 (5th Cir.1992).
>
> The firearm in question, a Stallard Arms Model JS nine-millimeter semi-automatic pistol, was taken from co-conspirator Jerry Kyser after the reverse sting operation at the Alamatt Motel. The gun was available to Kyser during that transaction to use should the need arise. *Kyser testified that Jefferson had engineered the Alamatt Motel meeting and had furnished the firearm to Kyser* for protection during that transaction. From this evidence, a rational jury could have found that the government proved the elements of the § 924(c) offense beyond a reasonable doubt.
>
> Counts 5–7 charge Jefferson with violating 18 U.S.C. § 922(g)(1), which makes it unlawful for a convicted felon to "possess in or affecting commerce, any firearm or ammunition." Count 5 refers to the same pistol discussed above, which was seized from Jerry Kyser at the Alamatt Motel. Count 6 refers to a Smith & Wesson Model 1006 ten-millimeter semi-automatic pistol seized by agents from under Jefferson's mattress during a search of his residence. Count 7 refers to a Ruger Model P–85 Mark II nine-millimeter semi-automatic weapon with laser sight seized from Antoine Gilmore during a search of The Side Effect.
>
> *Jerry Kyser testified that Jefferson gave him the Stallard to take to the Alamatt Motel and that he had seen Jefferson on prior occasions with the Smith & Wesson. Antoine Gilmore testified that Jefferson gave him the Ruger to protect the business from other drug dealers.* Again, Jefferson's only challenge is that these witnesses are not credible. This argument was for the jury, which obviously did not accept Jefferson's argument. The evidence was sufficient to support the firearms convictions. *Davis*, 61 F.3d at 297-98 (emphasis added).

*United States v. Davis*, 61 F.3d 291, 297-298 (5th Cir. 1995). Hence, the government's evidence introduced at trial against Mr. Jefferson met the requirements of *Rosemond*, as testimony

established that, not only did he know that firearms would be used in the commission of his drug crimes, but *he actually provided firearms for others to use during the crimes*. Thus, Mr. Jefferson was properly convicted and sentenced under 18 U.S.C. § 924(c), even as applied after the Supreme Court's decision in *Rosemond*.

## Conclusion

In sum, the Supreme Court's holding in *Rosemond* does not apply retroactively; thus, the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 will be dismissed as untimely filed. In addition, even if *Rosemond* were applied retroactively, Mr. Jefferson's conviction under 18 U.S.C. § 924(c) was proper, and the instant motion to vacate, set aside, or correct sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this, the 28 day of June, 2017.

_____
SENIOR JUDGE